UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:06-cr-392-T-23EAJ
    8:13-cv-2411-T-23EAJ

LINO JAIME HOLGUIN-MERO
_____/

**ORDER**

The defendant's motion to correct or modify his sentence (Doc. 157 in the criminal action) was construed (Doc. 159 in the criminal case) as a motion under 28 U.S.C. § 2255.  Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed *exhibits* and the prior proceedings in the case that the movant is not entitled to relief.'").

The defendant pleaded guilty to count one of the indictment, which charges conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 App. § 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii). The defendant was sentenced in January, 2007, and he filed no direct appeal. Five years later, on February 2, 2012, the defendant filed a motion under 28 U.S.C. § 2255, which was denied on February 14, 2012. The present motion to vacate is barred as second or successive.

The defendant is precluded from pursuing a second or successive motion without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The denial (Doc. 152 in the criminal action) of the defendant's first motion to vacate (Doc. 149 in the criminal action) precludes the defendant from again challenging either his conviction or his sentence. *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The new restrictions on successive petitions constitute a modified *res judicata* rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'").

This second or successive motion to vacate is subject to specific restrictions. Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

The defendant fails to represent that the circuit court has granted him the necessary authorization.

Additionally, the defendant claims entitlement to a new limitation under 28 U.S.C. § 2255(f)(3) and under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1258 (11th Cir. 2012). First, a new limitation under Section 2255(f)(3) requires the recognition of a new right by the Supreme Court. *Hurtado* is a circuit court decision, not a Supreme Court decision. As a consequence, XXXX cannot benefit from *Hurtado* under Section 2255(f)(3)'s provision for a new limitation. Second, *Hurtado* is factually distinguishable because its holding is limited to a vessel solely in a country's territorial water. *Hurtado* is inapplicable to the defendant because, in his plea agreement (Doc. 35 in the criminal case), the defendant stipulates that, "On or about September 17 and 18, 2006, a United States Maritime Patrol Aircraft (MPA) located a go-fast vessel traveling in the international waters of the Pacific Ocean, approximately 430 nautical miles north of the Galapagos Islands, Ecuador." The reported location places the vessel unquestionably in international water. *United*

*States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (recognizing that "international water" is all area beyond twelve miles from land).  Because the defendant was not within a country's territorial water, *Hurtado* is inapplicable.

The defendant's criminal prosecution is concluded and the motion to correct or modify his sentence, construed as a motion under 28 U.S.C. § 2255, is **DISMISSED** is barred as an unauthorized second or successive motion to vacate.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

The defendant is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, the defendant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the circuit court has not authorized a second or subsequent petition the defendant cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, because the defendant is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. The defendant must pay the full $455 appellate filing fee without installments unless the circuit court allows him to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on December 2, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE